Pullar v. Easton.

New trial granted.

---

William Pullar v. Harvey P. Easton et al.

(General Term, Fourth Department, November, 1871.)

Plaintiff contracted with defendants to work for them for three years at a specified price, and was to have the right to use the house upon the premises where he was to labor, for himself and family to live in, for the same term. And it was further agreed between them as follows : " That should the party of the first part (the defendants) sell the premises before the expiration of this contract, they are to pay the said P. (the plaintiff) the sum of three hundred (300) dollars, provided said P. cannot make a satisfactory bargain with the purchaser to stay on the premises." Before the expiration of the three years the defendants sold and conveyed the premises and put the purchaser into possession. Plaintiff continued on the premises in the employ of the purchaser ; and the house, up to the time of trial of this action, which was brought to recover the stipulated sum of $300. When the purchaser went into possession, he proposed to plaintiff to continue him in his employ, on the terms prescribed in the contract, and plaintiff refused to accept such proposition, but offered to stay for the residue of the term, on other terms and conditions which he submitted in writing to the purchaser, who refused to accept the same, and plaintiff continued to work for the purchaser, without any specific agreement between them as to the terms of his employment up to the time of the trial.

Held, that plaintiff having continued to remain on the premises and work for the purchaser, and being entitled to receive for his services what they were worth, must be deemed to have made with the purchaser a contract satisfactory to himself, and therefore he could not recover.

As plaintiff had been offered by the purchaser the same terms contracted for by him with the defendants, he would, it seems, be deemed in law to

have refused a " satisfactory " offer within the scope and meaning of the contract provision.

*Held, also,* that the intention of the parties to the contract was to indemnify the plaintiff against loss and damage in case he should be thrown out of employment, and a place to live in on the premises by means of defendants' sale of them before the expiration of the term, and to fix and settle the measure of such loss and damage in such event; and not to enable the plaintiff to speculate or make a profit to himself by exacting better terms, or such other terms as he might choose to dictate.

MOTION for a new trial upon a case and exceptions, ordered to be heard in the first instance at the General Term. The facts are stated in the opinion.

*D. J. Sunderlin,* for the plaintiff.

*H. M. Stewart,* for the defendant.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. By the contract on which this action is brought, the plaintiff was to work for the defendants for the term of three years at a price specified, and had the right in addition to use the dwelling-house on the premises where he was to labor, for himself and family to live in, for the same term.

The concluding part of the contract is as follows: "It is further agreed that should the party of the first part sell said premises before the expiration of this contract, they are to pay said Pullar the sum of three hundred (300) dollars, provided said Pullar cannot make a satisfactory bargain with the purchaser to stay on the premises."

The contract was entered into the first of May, 1868. On the 17th of July, 1869, the defendants sold and conveyed the premises and put the purchaser in possession.

The plaintiff remained and continued on the premises in the employ of the purchaser, and in the house up to the time this action was brought and was there at the time of the trial of the action. The action was brought upon the provision of the contract above recited to recover the stipulated sum

of $300. The question is whether the contingency upon which the defendants were to become liable to pay had happened when the action was brought.

It appears from the evidence on the part of the plaintiff, that when the purchaser of the premises went into possession he proposed to the plaintiff to continue him in his employ on the same terms mentioned and prescribed in the contract, and that the plaintiff refused to accept such proposition, but offered to stay for the residue of the term on other terms and conditions which he deemed more advantageous to himself.

The plaintiff submitted his propositions in writing to the purchaser on the 11th of October, 1869, and the purchaser refused to accept the same, and no definite agreement or arrangement was made. The plaintiff, however, still continues to reside there and to work in the same employment for the purchaser without any agreement in regard to compensation except such as the law will imply. Upon this state of facts I am of opinion that the contingency on which the defendants were to pay the stipulated sum of $300 has not happened. This stipulation between the parties must have a reasonable interpretation, so as to conform to the manifest intention of the parties, if the language employed by them will admit of such interpretation.

The clear and manifest intention of the parties in this stipulation was to indemnify the plaintiff against loss and damage in case he should be thrown out of employment and a place to live in on those premises by means of their sale of the same before the expiration of the term, and to fix and settle the measure of such loss and damage in such event. It was clearly no part of the object or purpose of this stipulation to enable the plaintiff to speculate, or make a profit to himself, by exacting better terms, or such other or different terms as he might choose to dictate. Such a construction of this provision would render this stipulated sum a mere bonus, as it would enable the plaintiff to exact it at his pleasure without any consideration of loss or injury to his interests whatever.

The proviso is, that "he cannot make a satisfactory bargain with the purchaser," not that he will not. How was it intended that it should be satisfactory? Surely not to the plaintiff's desires, or greed of gain, but reasonably satisfactory, according to the usual compensation for such labor, and the standard they had fixed between themselves by the agreement of which this provision was a part. A bargain on the same terms would be deemed in law a satisfactory bargain, within the scope and meaning of this provision. This was offered and refused by the plaintiff. It is not true therefore that the plaintiff could not make "a satisfactory bargain with the purchaser to stay on the premises," within the true intent and meaning of those terms. The agreement he entered into with the defendants was such as he chose to make, and must be deemed to have been a satisfactory one to him, and it was in view of the terms of that agreement and as part of it that the provision in question was inserted. The term "satisfactory" must be interpreted and defined by its connection with the contract and the surrounding circumstances. But again, the plaintiff has not lost either employment on the premises or a dwelling place for himself and family. He still continues there as before, but whether on more or less advantageous terms than were secured to him by the contract, or than would have been secured to him had his propositions been accepted, does not appear and cannot be shown. What the law will award him as a reasonable compensation, in case of disagreement between him and his employer, is as yet unknown. They have been unable thus far to agree upon specific terms, but have consented to continue the relation upon such terms as the law will imply.

As the plaintiff remains on the premises and continues in the employment of the purchaser on such terms, the law will presume them to be "satisfactory" and that he is content with the arrangement within the purview of the contract. The law certainly, as we must presume, will give the plaintiff all he ought justly to have by way of compensation, and compel him to be satisfied with it. There is nothing in the case

to show that the plaintiff has not remained on the premises, in the employment of the purchaser, voluntarily and from choice and not from necessity, or from inability to obtain other employment.

On the whole case we think that no cause of action was made out by the evidence, and that the plaintiff was properly nonsuited.   A new trial must therefore be denied.

New trial denied.